IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GARRY LEE MOORE**      **PETITIONER**

v.      **No. 1:12CV24-D-S**

**STATE OF MISSISSIPPI, ET AL.**      **RESPONDENT**

CONSOLIDATED WITH

**GARRY LEE MOORE**      **PETITIONER**

v.      **No. 1:12CV106-D-S**

**STATE OF MISSISSIPPI, ET AL.**      **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the petition of Garry Lee Moore for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has responded to the petition, and Moore has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed: (1) for failure to exhaust, (2) on the merits and (3) because it has become moot.

**Facts and Procedural Posture**

At the time he filed the instant petition, Garry Lee Moore was in the custody of the Mississippi Department of Corrections after having been convicted and sentenced for forgery and two counts of non-residential burglary and sentenced as a habitual offender to serve a total of twenty-two years day for day in the custody of the Mississippi Department of Corrections. Moore

does not challenge his conviction and sentence; rather, he states as his only ground for relief that he is entitled to sixty days of pretrial jail credit against his sentence. Moore argues that he is entitled to a pretrial jail credit for time that he was allegedly incarcerated in the Monroe County Jail from February 6, 1990, to March 30, 1990, for a total of 52 days. Moore also contends that he was under the "custody and guard" of the Aberdeen Police from September 2, 1990 until September 10, 1990, when he was placed in the Monroe County Jail, and is, therefore, entitled to a pretrial jail credit against his sentence for these additional eight days.

### Failure to Exhaust

Prisoners must exhaust "administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994). Moore does not even allege that he has exhausted state remedies before seeking *habeas corpus* review in this court. As such, the instant petition under 28 U.S.C. § 2241 will be dismissed for failure to exhaust state remedies.

### Moore Has Not Carried the Burden of Persuasion

Moore alleges first that he is entitled to a pretrial jail credit for fifty-two days allegedly spent confined in the Monroe County Jail. To support this allegation, Moore attaches to his pleadings a "Sheriff's Office/Jail Receipt" dated March 30, 1990, which shows that Moore made a cash payment to the Monroe County Sheriff's Office. Moore also attaches an appearance bond on Moore signed March 30, 1990. Moore has failed to meet his burden of proof to show that he is entitled to credit for the time requested, as the documents presented do not show definitively that he was held in the jail on the charge of his conviction. Indeed, two letters from Donna Lucas (Administrative Assistant to two Monroe County Sheriffs from 2011 to 2012) to Moore, do not

confirm that Moore spent time in custody in that facility from February 6, 1990, to March 30, 1990.[1] Moore has not provided any documentation supporting this allegation in his petition.

In fact, the charge for which Moore was presumably in custody in March 1990, was a two-count indictment for *embezzlement*, not burglary from Monroe County, Mississippi and forgery from Tate County, Mississippi (the charges for which Moore was held in Mississippi Department of Corrections custody at the time he filed the instant petition). Consequently, Moore is not entitled to a credit for time spent in custody on unrelated embezzlement charges. The receipt Moore provided with his *habeas corpus* petition reflects that he bonded out on two counts of *embezzlement*, as shown by the indictment provided by the State, which alleges that on March 5, 1990, Moore committed the acts for which he was charged. That indictment was "filed and recorded" March 14, 1990. A *capias* issued for Moore, dated March 14, 1990, and executed on March 26, 1990. An order of the Monroe County Circuit Court retired that case (Cause No. 12,682) to the files. Moore is not entitled to credit for the fifty-two day he spent in custody awaiting resolution of the embezzlement charges.

Moore also claims that he is entitled to an additional eight days, from September 2, 1990, to September 20, 1990, for time that he spent "under the custody and guard of Aberdeen police until Aberdeen police placed petitioner in the Monroe County Jail on September 10, 1990." *See* ¶ 10 of "Petition for Writ of Habeas Corpus" signed January 26, 2012.[2] Moore states that he was

---

[1] The Monroe County Jail provided notice to MDOC officials regarding pretrial jail time spent in their facility in that same year, and the time sheet attached to Moore's petition reflects that Moore was, in fact, awarded that time as a credit against his sentence.

[2] Moore did receive credit for time spent in Monroe County Jail beginning **September 10, 1990** until April 11, 1991, as reflected on his time sheet.

"shot and arrested by Aberdeen police and taken into custody for business burglary." *See* ¶ 9 of "Petition for Writ of Habeas Corpus" signed January 26, 2012. Therefore, taking Moore's timetable as true, he would have been in custody from September 2, 1990 to September 9, 1990. It also appears that the time period for which Moore seeks credit was for business burglary, one of the charges he was serving at the time he filed the instant petition. Moore alleges that he was "under the custody and guard of Aberdeen police." Based on Moore's claim that he was shot, it appears that he was not in jail during those eight days, but in the hospital. Moore, however, bears the burden of proof regarding this allegation. Section 99-19-23 provides that only time spent in "any municipal or county jail while awaiting trial" can be applied to Moore's sentence. Moore has not provided documentary evidence that he was actually in custody during the eight days in questions, whether he was held at the hospital or in jail. As such, Moore is not entitled to a pretrial jail credit for the eight days as requested, and this claim will be dismissed for want of substantive merit.

### The Claims are Moot

Finally, Moore has been released from custody since the filing of the instant petition; as such, the claims in the petition have become moot. *Lane v Williams*, 455 U.S. 624 (1982). As such, the instant petition for a writ of *habeas corpus* will also be dismissed as moot.

In sum the instant petition for a writ of *habeas corpus* will be dismissed for failure to exhaust, on the merits, and as moot. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 27th day of November, 2012.

/s/ Glen H. Davidson
SENIOR JUDGE